UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| APRIL ROBLEDO<br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK, N.A. and<br>JOHN DOES 1-10, and<br>X, Y, Z CORPORATIONS<br>    Defendants, | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I. COMPLAINT*

1. Plaintiff, April Robledo, brings this action against the above referenced Defendant(s), for alleged violation of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et. seq. (EFTA).

### *II. JURISDICTION AND VENUE*

2. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Venue is proper in this District because Defendant(s) does business in this jurisdiction.

4. Venue is proper in this jurisdiction because a substantial portion of the transaction or occurrence took place in this jurisdiction.

5. Venue is proper in this jurisdiction because certain key witness(es) to the transaction or occurrence are situated or reside at or near this jurisdiction.

### III. PARTIES

6. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is April Robledo, an adult individual, citizen of the United States, and current resident of Dallas County in the state of Texas.

8. Defendant(s) are the following entities with the following principle business addresses:

   (a) Capital One Bank, N.A., with a principle place of business located at 5021 North Garland Ave, Garland, Texas 75040. Capital One Bank, N.A., may be served with process by serving its registered agent Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

   (b) John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

   (c) X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

### IV. FACTUAL ALLEGATIONS

9. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. Defendant(s) operate(s) an automated teller machine (ATM) as described in the attached exhibits.

11. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff used the ATM described above.

12. Plaintiff is not a regular customer of Defendants.

13. There was no external fee notice at or near the ATM that a fee would or may be charged.

14. Defendants' machine charged Plaintiff $2.75. See attached exhibit.

**COUNT ONE: Violation of the Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15.**

15. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

16. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

17. The Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15 require ATM operators such as Defendants to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM. One notice must be posted on or near the ATM. This notice is in addition to any that appear on the ATM screen.

18. The EFTA requires ATM operators to provide notice of any fees charged to consumers. An ATM operator that imposes a fee on the consumer must, at the time the service is provided, tell the consumer that a fee is imposed and the amount of the fee. 15 U.S.C. § 1693b(3)(A). The EFTA also requires ATM operators to provide the fee notice on both the machine and the ATM screen 15 U.S.C. § 1693b(3)(B).

19. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

20. Defendants violated the EFTA by failing to adequately disclose the transaction fee as required by law.

## *V. DAMAGES*

21. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. Plaintiff requests actual damages under the EFTA.

23. Plaintiff requests statutory damages under the EFTA, and requests an amount of no less than $1,000.00.

## *VI. ATTORNEY FEES*

24. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

25. Plaintiff is entitled to reasonable attorney fees and costs.

## *VII. OTHER RELIEF*

26. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

27. Plaintiff requests such other relief as this Honorable Court deems just and proper.

WHEREFORE, the Court should enter judgment in favor of Plaintiff for statutory damages, attorneys' fees, plus litigation expenses and costs of suit, and such other relief as this Court deems proper and just.

Respectfully submitted,

By: /s/ Kim A. Lucas
Kim A. Lucas
State Bar No. 14991480
KYLE MATHIS & LUCAS LLP
8226 Douglas Avenue, Suite 450
Dallas, Texas 75225
(214) 706-7600
(214) 706-7622 (Fax)

ATTORNEY FOR PLAINTIFF
APRIL ROBLEDO

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff APRIL ROBLEDO, demands a jury trial in this case.